MEMORANDUM*
The officers had no probable cause to arrest C.B. and Oliver because the act the officers believed C.B. committed — trying to kill the opossum by hitting it with a shovel — isn’t a crime. While section 597(a) of the California Penal Code prohibits the intentional and malicious killing of animals, section 599c provides, “No part of this title shall be construed ... as interfering with the right to destroy ... any animal known as dangerous to life, limb, or property.” CaLPenal Code §§ 597(a), 599c. Regulations confirm that opossums are dangerous by explicitly permitting their killing. Cal. Code Regs. tit. 14, § 472(a). The regulations do prohibit certain ways of killing *891 animals, but hitting them with a shovel is not among them. Cal.Code Regs. tit. 14, § 475. Indeed, if section 597(a) were construed as prohibiting the killing of wild opossums, it would impermissibly nullify California’s laws that permit killing them. See Cal.Penal Code § 599c; Cal.Code Regs. tit. 14, § 472(a).
People v. Thomason, 84 Cal.App.4th 1064, 101 Cal.Rptr.2d 247 (2000), held that mice bought at a feed store were not “dangerous to life, limb, or property,” as required by section 599c. Id. at 1067-68, 101 Cal.Rptr.2d 247. By contrast, wild opossums are dangerous to property. See T.P. Salmon et al., Univ. of Cal., Pub. No. 74128, Pest Notes: Opossum 2 (2005). Indeed, the opossum C.B. allegedly struck had injured the family’s bulldogs. Thoma-son is also inapposite because the defendant there tortured the mice. 84 Cal. App.4th at 1065-66, 101 Cal.Rptr.2d 247. The police here had no evidence that plaintiffs did anything more than try to kill the opossum, which they were entitled to do.
Because C.B.’s act wasn’t criminal, there was no cause to arrest him. And, without an underlying criminal act, Oliver couldn’t have been an accessory or an aider and abettor. See Cal.Penal Code §§ 81, 32. The arrests violated the plaintiffs’ constitutional rights. See Rosenbaum v. Washoe County, 663 F.3d 1071, 1076-79 (9th Cir. 2011) (per curiam). Therefore, the officers are not entitled to qualified immunity. Nor are they entitled to immunity under state law because a reasonable officer could not have believed that the arrests of C.B. and Oliver were lawful. See Cal.Penal Code § 847(b)(1); Edgerly v. City and Cnty. of San Francisco, 599 F.3d 946, 958-59 (9th Cir.2010).
REVERSED and REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.